# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED FINANCIAL
CASUALTY COMPANY,

          Plaintiff,

v.                                    CIVIL ACTION NO. 3:17-2002

MILTON HARDWARE, LLC,
BUILDERS DISCOUNT, LLC,
RODNEY PERRY, and
GREG ALLEN BALL,

          Defendants.

## MEMORANDUM OPINION AND ORDER

On October 30, 2019, the Fourth Circuit vacated and remanded this Court's entry of summary judgment in favor of United Financial Casualty Company. The parties disagree on how to apply the Fourth Circuit's opinion, and United Financial filed a Motion for Summary Judgment to resolve the dispute. ECF No. 76. For the reasons below, the Court now **GRANTS** United Financial's Motion.

## I. BACKGROUND

The parties do not dispute the underlying facts of this case. In October 2016, Milton Hardware LLC was performing a construction job at Rodney Perry's home. *United Fin. Cas. Co. v. Ball*, 941 F.3d 710, 712 (4th Cir. 2019). At one point, Milton Hardware's owner gave Perry permission to move a company truck. *Id*. As Perry backed up, he accidentally hit Milton Hardware employee Greg Ball and caused severe injuries. *Id.* At the time of the accident, Milton Hardware had a commercial automobile liability insurance policy with United Financial. *Id.* at 13. The policy

provided liability coverage to Milton Hardware and anyone using the company's vehicles with permission. *Id*. Based on this provision, Ball demanded United Financial indemnify him for the injuries. *Id.* United Financial denied coverage and commenced this action against the named insureds, Milton Hardware and Builders Discount, LLC, as well as Perry and Ball. *Id.* United Financial argued the policy's Worker's Compensation exclusion and Employee Indemnification and Employer's Liability exclusion barred coverage for Perry's liability to Ball. *Id*.

On cross-motions for summary judgment, the parties asked this Court to determine their rights and liabilities. *See* ECF Nos. 25, 28, 40. The Court concluded that because Ball sustained his injuries while working within the course of his employment with Milton Hardware, the Worker's Compensation exclusion applied and the policy barred him from liability coverage. ECF No. 60, at 5–8. The Court also rejected Ball's argument that the state's motor vehicle "omnibus clause," West Virginia Code § 33-6-31(a), required United Financial to extend liability coverage to Perry as a permissive user of an insured automobile. *Id.* at 8–9. Because the Court concluded the Workers' Compensation exclusion barred Ball from liability coverage, the Court did not reach Ball's arguments regarding the policy's Employee Indemnification and Employer's Liability exclusion. *Id.* at 9.

On appeal, the Fourth Circuit reversed and held that United Financial cannot deny liability coverage to Perry based on the Worker's Compensation exclusion or the Employee Indemnification and Employer's Liability exclusion. *United Fin. Cas. Co.*, 941 F.3d at 717. The parties now dispute how to apply the Fourth Circuit's ruling regarding the Employee Indemnification and Employer's Liability exclusion, and United Financial filed a motion for summary judgment to resolve the remaining issue. ECF No. 76. United Financial argues the exclusion is unenforceable only up to the limits of financial responsibility required by West

Virginia Code § 17D-4-2. ECF No. 77, at 3–6. This section sets the minimum "proof of ability to respond in damages for liability" at $25,000 for bodily injury to a person in a motor vehicle accident. W. Va. Code § 17D-4-2. United Financial claims the exclusion is enforceable beyond that minimum. *Id.* In response, Ball and Perry argue the exclusion is entirely unenforceable, even beyond the mandatory minimum limit. ECF Nos. 78, 80.

## II. LEGAL STANDARD

A court will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). "The moving party is 'entitled to judgment as a matter of law' when the nonmoving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial." *Id.* (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999)). At summary judgment, the Court will not "weigh the evidence and determine the truth of the matter," nor will it make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249 (1986); *Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991). Instead, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (internal quotations omitted).

## III. DISCUSSION

**A. The Fourth Circuit did not resolve whether the Employee Indemnification and Employer's Liability exclusion applies above the mandatory minimum limits in West Virginia Code § 17D-4-2.**

Ball first argues that the Fourth Circuit held the Employee Indemnification and Employer's Liability exclusion is completely unenforceable, so United Financial cannot relitigate the issue. ECF No. 80, at 4–6. However, the Fourth Circuit's ruling that the exclusion is "unenforceable" must be understood in context. *See United Fin. Cas. Co.*, 941 F.3d at 717. The issue before the court was whether the omnibus clause overrode the Employee Indemnification and Employer's Liability exclusion. *Id.* at 715–17. Because the court found the exclusion violated the omnibus clause, the exclusion could not operate to outright deny Perry coverage. *Id.* In this situation, where "the language of an insurance policy is contrary to statute and therefore void, the policy should be construed to contain the coverage required by West Virginia law." *Adkins v. Meador*, 494 S.E.2d 915, 920 (W.Va. 1997). The Fourth Circuit, however, did not address what level of coverage West Virginia law requires here, so the Court properly addresses that issue now.

**B. The Employee Indemnification and Employer's Liability exclusion applies above the mandatory minimum limits in West Virginia Code § 17D-4-2.**

The Supreme Court of Appeals of West Virginia has held that policy exclusions that violate the state's minimum coverage requirements set in the omnibus clause and Safety Responsibility Law (W. Va. Code § 17D-1-1 *et seq*.) are void. However, the court has permitted these voided exclusions to apply above the minimum coverage requirements. For example, in *Jones v. Motorists Mutual Insurance Company*, the court held a policy's named driver exclusion violated § 17D-4-12(b)(2), which requires automobile liability insurance policies to cover people driving with the insured's permission. 356 S.E.2d 634, 637 (W.Va. 1987). Yet, the court held the named driver exclusion was only void up to the mandatory minimum limits in § 17D-4-2. *Id.*; *see also Ward v.*

*Baker*, 425 S.E.2d 245, 249 (W.Va. 1992) ("Erie has already paid into court the mandatory minimum $20,000 bodily injury coverage for the Plaintiff. Therefore, due to the existence of the valid named driver exclusion, Erie is not responsible for any damages in excess of the $20,000."); *Burr v. Nationwide Mut. Ins. Co.*, 359 S.E.2d 626, 633 n.10 (W.Va. 1987) (noting that, although the court found the exclusion of vehicles with dealer plates prohibited by the omnibus clause, it would have reached the same result under a *Jones* analysis that "a driver exclusion in an automobile policy is inoperative up to the limits of liability insurance required under W.Va.Code, 17D-4-12"). Based on its reasoning in *Jones*, the court also held a named insured exclusion was invalid as to the minimum limits in § 17D-4-2 but enforceable above those limits. *Dairyland Ins. Co. v. East*, 425 S.E.2d 257, 262 (W.Va. 1992). Similarly, the court held in *Dotts v. Taressa J.A.* that the Safety Responsibility Law precluded an intentional tort exclusion in a motor vehicle liability insurance policy but only up to the limits in § 17D-4-2. 390 S.E.2d 568, 592 (W.Va. 1990). And, in *Imgrund v. Yarborough*, the court held an "owned but not insured" exclusion to uninsured motorist coverage cannot preclude recovery of the mandatory minimum limits but is enforceable above those limits. Syl. pt. 3, 483 S.E.2d 533, 534 (W.Va. 1997). Together, these cases support the general principle that policy exclusions violating state law are generally enforceable above the state's minimum limits.

The Fourth Circuit adopted this interpretation in *Nationwide Mutual Insurance Company v. Continental Insurance Company*. Nos. 90-1785, 90-1786, 1991 WL 181130, at *3 (4th Cir. 1991) (per curiam) (unpublished). Citing the Supreme Court of Appeals decisions in *Jones*, *Dotts*, and *Burr*, the court summarized: "When West Virginia has found that an attempt to exclude or restrict coverage violated state law, it has voided the restriction or exclusion only up to the level of minimum coverage. It has permitted it to operate above this minimum." *Id.* Thus, the court held

that even though West Virginia requires automobile dealerships to insure cars driven by customers, a dealership's policy could lawfully refuse to insure customers beyond the state's mandatory minimum coverage. *Id.*

This Court observed the same governing principal in *Howard v. Property & Casualty Insurance Company of Hartford*. No. 2:09-1027, 2011 WL 4596715 (S.D.W. Va. Sept. 30, 2011). There, the plaintiff argued his policy's family member exclusion was invalid and demanded payment of his policy's full liability limits. *Id.* at *1. The Court ruled the family member exclusion was void only within the state's mandatory limits for two reasons. First, an informational letter by the state's Insurance Commissioner had already clarified the issue. *Id.* at *2. And second, the Court explained that "although the West Virginia Supreme Court of Appeals has made clear that 'the mandatory requirement of insurance coverage under W. Va. Code, 17D-4-2, takes precedence over any contrary or restrictive language in an automobile liability insurance policy,' . . . it has consistently found exclusionary policy language to be enforceable above the statutorily mandated minimum limit in other contexts." *Id.* at *3.

Ball argues two cases have altered this trajectory of caselaw and formed a new rule: a policy exclusion that violates state law is void above the mandatory minimum limits unless a statute or public policy affirmatively allows the exclusion. ECF No. 80, at 7–12. Ball first relies on *Gibson v. Northfield Insurance Company*. 631 S.E.2d 598 (W.Va. 2005). In *Gibson*, the court held a "defense within limits" provision in a city's automobile liability insurance policy violated the omnibus clause and public policy. *Id*. at 609. Ball claims that, as a result, the court held the full amount of the policy's liability limit was available. ECF No. 80, at 8. However, in *Gibson*, the policy's liability limit and the statutory minimum limit were both $1,000,000. 631 S.E.2d at 601,

603. Therefore, Ball's suggestion that *Gibson* deviates from prior cases by voiding an exclusion above the minimum mandatory limits is unsupported.

Ball next relies *Jenkins v. City of Elkins*. ECF No. 80, at 9–11; 738 S.E.2d 1 (W.Va. 2012). In *Jenkins*, the parties asked the court to decide whether an uninsured motor vehicle policy exclusion for government-owned vehicles violated public policy. *Id.* at 14. The court first looked to other jurisdictions and found that a majority had concluded exclusions for government-owned vehicles were contrary to their uninsured insurance laws because these laws expressed a strong public policy to protect innocent insureds harmed by uninsured tortfeasors. *Id.* at 16. Because an insured is as susceptible to harm by a government vehicle as one privately owned, many courts found no logical reason for the exclusion. *Id.* The court next determined whether the government-owned vehicle exclusion violated the public policy of West Virginia by ascertaining the legislative intent underlying the state's uninsured motorist coverage statute, West Virginia Code § 33-6-31(b). *Id.* at 17. The court explained:

> [T]he legislature has articulated a public policy of full indemnification or compensation underlying . . . uninsured . . . motorist coverage in the State of West Virginia. That is, the preeminent public policy of this state in uninsured . . . motorist cases is that the injured person be *fully compensated* for his or her *damages* not compensated by a negligent tortfeasor, up to the limits of the uninsured . . . motorist coverage.

*Id.* (citing *State Auto. Mut. Ins. Co. v. Youler*, 396 S.E.2d 737, 745 (W.Va. 1990)) (emphasis in original). The court also noted that none of the state's motor vehicle statutes affirmatively permitted a government-owned vehicle exclusion. *Id.* Thus, the court held the exclusion was against public policy and unenforceable, even above the mandatory minimum limits of uninsured motorist coverage. *Id.*

While *Jenkins* did void a policy exclusion above the state's mandatory minimum limits, it did so based on the legislative intent behind the state's uninsured motorist statute. *Jenkins* must

therefore be understood within the context of the uninsured motorist statute and its unique public policy that an "injured person be *fully compensated* for his or her *damages* not compensated by a negligent tortfeasor, up to the limits of the uninsured . . . motorist coverage." 738 S.E.2d at 17 (citation omitted) (emphasis in original). The court's holding in *Jenkins* is not broad enough to support Ball's sweeping interpretation that any policy exclusion in violation of state law is void above the mandatory limits unless a statute or public policy affirmatively allows the exclusion. ECF No. 80, at 11.

Lastly, Ball argues that public policy dictates the Employee Indemnification and Employer's Liability exclusion should not apply in this case. ECF No. 80, at 13–14. In *Jenkins*, the court modeled a two-step process for analyzing a public policy challenge to a motor vehicle policy exclusion. 738 S.E.2d at 14–17. Yet, unlike in *Jenkins*, Ball cited no other jurisdictions that have found an Employee Indemnification and Employer's Liability exclusion was contrary to a state's motor vehicle statute. *See id.* at 16. Regarding the second step, Ball's only support that the exclusion violates the legislative intent behind the omnibus clause comes from *Universal Underwriters Insurance Company v. Taylor*. 408 S.E.2d 358 (W.Va. 1991). There, the Supreme Court of Appeals held "the legislature's enactment of the omnibus clause evinces an unmistakable intent to maximize insurance coverage for the greater protection of the public and that effectuation of such intent requires a broad interpretation of the statute . . . ." *Id.* at 363–64. But "maximiz[ing] insurance coverage" refers to the court's liberal approach to defining coverage under the state's omnibus clause and minimum financial responsibility law. *Id.* The court did not hold this principle governs the applicability of policy exclusions above the state's minimum coverage limits. To the contrary, West Virginia Code § 33-6-31(k) permits insurers to incorporate "such terms, conditions and exclusions as may be consistent with the premium charged." And, this Court has affirmed that

"[t]he usual and most important function of the courts of justice is rather to maintain and enforce contracts, than to enable parties thereto to escape from their obligations on the pretext of public policy, unless it clearly appears that they contravene public right or the general welfare." *CAMICO Mut. Ins. Co. v. Hess, Stewart & Campbell, P.L.L.C.*, 240 F. Supp. 3d 476, 486 (S.D.W. Va. 2017) (citation omitted). Ball's general complaint that applying the exclusion will result in an inadequate recovery does not meet this standard. *See* ECF No. 80, at 14.

## IV. CONCLUSION

Having found Ball's and Perry's arguments without merit, the Court **GRANTS** United Financial's Motion for Summary Judgment, ECF No. 76, and **DECLARES** the Employee Indemnification and Employer's Liability exclusion in United Financial's policy is unenforceable up to the minimum insurance coverage required by state law but operative as to any amount above the state's mandatory minimum limits. The Court **DIRECTS** the parties to confer and report to the Court within fourteen days on how they intend to resolve any remaining issues in this case.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 31, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE